UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 15-293 |
| THIERING PINN | SECTION "A" |

### ORDER AND REASONS

Before the Court is a **Motion for Compassionate Release (Rec. Doc. 716)** pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed by the Defendant Thiering Pinn. The Government opposes this Motion. (Rec. Doc. 718). For the following reasons, the motion is denied.

**I.  BACKGROUND**

On May 3, 2016, Pinn pleaded guilty to Count 1 of the Superseding Indictment that charged him with conspiracy to distribute and to possess with the intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. (Rec. Doc. 716). This Court sentenced him to 124 months of imprisonment. (Rec. Doc. 718). Pinn has served 62 months of that sentence and is currently housed at FCI Pollock in Pollock, Louisiana. *Id.* He has a projected release date of November 8, 2024. *Id.* On February 1, 2021, Pinn filed a Motion for Compassionate Release because of the COVID-19 outbreak, and the Court will now address the merits of his motion.

**II.  DISCUSSION**

**A.  Exhaustion of Remedies**

Pinn filed his motion for a sentence modification under the First Step Act of 2018. He asks the Court to grant him compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). This statute allows for the modification of a term of imprisonment upon a finding that certain extraordinary and compelling reasons warrant a reduction in an inmate's sentence. As

amended by the First Step Act in December of 2018, the compassionate release provision provides that:

> (c) Modification of an Imposed Term of Imprisonment — the court may not modify a term of imprisonment once it has been imposed except that—
>
>> (1) in any case—
>>
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>>
>>> (i) extraordinary and compelling reasons warrant such a reduction . . .
>>>
>>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.][1]

Although sentence reductions under § 3582 historically could be ordered only upon a motion by the Director of the Bureau of Prisons ("BOP"), the First Step Act of 2018 amended the statute to allow prisoners to petition the district courts as set forth above. However, as the statute makes clear, prior to filing motions for release in the district court, a prisoner must first exhaust his administrative remedies either by fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release on his behalf, or by filing the motion with the court after a lapse of 30 days from the date of the warden's receipt of his request for release, "whichever is earlier." 18 U.S.C. § 3852(c)(1)(A). The administrative-

---

[1] 18 U.S.C. § 3582(c)(1)(A).

exhaustion provision is set out in mandatory terms—the district court can modify a sentence only after the defendant has exhausted administrative remedies. This mandatory language includes no exceptions, equitable or otherwise.

Here, Pinn submitted a written request to the warden on December 2, 2020, which was over 30 days before the filing of his motion with this Court. (Rec. Doc. 718 10-11). Thus, Pinn has satisfied the exhaustion requirements of 18 U.S.C. § 3852(c)(1)(A). Accordingly, the Court will next consider whether there are extraordinary and compelling reasons for granting Pinn's Motion for Compassionate Release.

### B. Extraordinary and Compelling Reasons

28 U.S.C. § 994(t) provides: "[t]he Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Accordingly, the relevant policy statement of the Commission is binding on the Court.[2]

The Sentencing Guidelines policy statement appears at § 1B1.13 and provides that the Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Additionally, in application note 1 to the policy statement, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release. The note provides as follows:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the

---

[2] *See Dillon v. United States*, 560 U.S. 817, 827 (2010) (where 18 U.S.C. § 3582(c)(2) permits a sentencing reduction based on a retroactive guideline amendment, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," the Commission's pertinent policy statements are binding on the Court).

community], extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). **A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required**. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons,  there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Generally, the defendant has the burden to show circumstances meeting the test for compassionate release. *United States v. Clark*, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020) (Dick, J.). The defendant also has the burden to "demonstrate that he 'is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).'" *United States v. Reed*, 464 F. Supp. 3d 854, 860 (E.D. La. 2020) (Fallon, J.) (quoting U.S.S.G. § 1B1.13). If a defendant fails to satisfy this burden, a district

court may deny relief on this basis without reaching whether a defendant has "extraordinary and compelling" reasons for release. *See United States v. Samak*, No. CR 91-189, 2020 WL 4050365, at *5 (E.D. La. July 20, 2020) (district court did not reach question of whether defendant had established extraordinary and compelling circumstances because, even if he had, defendant was not entitled to compassionate release given nature of his offenses and impact his crimes left on his victims and despite his having served 30 years of his life sentence), *aff'd*, 832 F. App'x 330 (5th Cir. 2020).

Here, the Court finds that Pinn has failed to present evidence of extraordinary and compelling reasons to modify his prison sentence. Indeed, he has produced no medical evidence of any condition or diagnosis to satisfy his burden to establish his entitlement to a sentence reduction. Pinn's medical history only indicates drug use disorders and temporary conditions, like ankle pain or dental problems. (Rec. Doc. 719-2). He also asserts that he suffers from "undue worry, stress, and anxiety" (Rec. Doc. 716 at 7), but he has produced no medical evidence to support this. None of Pinn's medical conditions place him at an increased risk of severe illness from COVID-19.[3] Moreover, "the fear of a communicable disease" does not "warrant[ ] a sentence modification." *Clark*, 2020 WL 1557397, at *4.

Pinn has not identified a medical condition that falls within one of the CDC categories that presents a likelihood of a severe outcome from COVID-19 from which he is unlikely to recover and which interferes with his ability to provide self-care. Rather, Pinn points to family circumstances as the individualized basis for his motion. Specifically, he argues that his family circumstances have changed because of the loss of two of his grandparents and one of his cousins, all due to COVID-19, as well as the tragic loss of his young son in an ATV accident,

---

[3] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.

which has created funeral expenses and caused ongoing hardships to family members. (Rec. Doc. 716 at 4). Pinn argues that his family needs his help financially and that his children need their father's emotional support. *Id.*

Under the guidelines, family circumstances may constitute "extraordinary and compelling reasons" under the compassionate release statute in the cases of (1) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children," and (2) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, application note 1(C). Pinn has not alleged either situation here.

Additionally, Pinn has failed to demonstrate that he is not a danger to the safety of any other person or to the community. This case was Pinn's fourth conviction for drug dealing, and his criminal history shows a series of drug distribution convictions throughout his adult life, starting at age 18 and continuing until his arrest for the instant case, which he committed while on parole for his 2012 arrest. (Rec. Doc. 389 ¶¶ 141-147). Further, his prison disciplinary records show two infractions in the second half of 2020. (Rec. Doc. 716-3 at 1). Thus, Pinn has not established that "extraordinary and compelling reasons" exist for his release based on COVID-19 concerns.

Accordingly;

**IT IS ORDERED** that the **Motion for Compassionate Release (Rec. Doc. 716)** pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed by the Defendant Thiering Pinn is **DENIED**.

March 19, 2021

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE